[No. 25903. Department One. July 10, 1936.]

PAUL LUKETA, *Respondent,* v. THE PORT OF SEATTLE, *Appellant.*[1]

*John S. Robinson* and *Glenn J. Fairbrook,* for appellant.

*Monheimer & Griffin,* for respondent.

MILLARD, C. J.—The complaint alleges that, during the first half of the year 1932, the exact date being unknown to plaintiff, defendant, for value and profit, leased and let to plaintiff one of its certain warehouses or storage compartments in the Salmon Bay Division on the property commonly designated as "Fisherman's Dock," owned, conducted and maintained by defendant in the city of Seattle, and surrendered exclusive possession thereof to plaintiff for the purpose

[1]Reported in 59 P. (2d) 299.

of plaintiff storing therein fishing gear, nets and boat equipment; that plaintiff, after acquiring the right to possession of these premises for the purpose mentioned, stored therein certain described seines, nets, anchors, chains, rope, line and equipment of the reasonable value of $9,105; that, upon so storing the property, plaintiff made the doors, windows and openings of the compartment secure by means of bolts, nails and padlocks; that, upon plaintiff's return to the premises about November 1, 1933, he discovered that, during his absence, defendant had caused the removal of the padlocks and windows, the opening of the building and the taking of all of plaintiff's property so stored. Judgment was asked for the damage alleged to have been suffered.

Defendant answered, admitting the leasing and the surrendering of possession to plaintiff of the northerly portion of a building on the westerly side of Salmon Bay Terminal, which building was formerly used as a pipe shop. Defendant alleged it had no knowledge as to what property was stored therein by the plaintiff or how he may have secured the doors and windows of the leased premises. The allegations charging defendant with causing the removal of the padlocks and windows, as well as the property of the plaintiff, were specifically denied, as was the allegation as to the value of the property stored by the plaintiff.

The cause was tried to the court with a jury. Defendant challenged the legal sufficiency of plaintiff's evidence at the close of plaintiff's evidence and again after all evidence was in, but the trial court denied each challenge. The jury returned a verdict in favor of plaintiff for $7,500. Defendant's motions for judgment notwithstanding the verdict and for a new trial were overruled, and judgment was duly entered. Defendant appealed.

We are satisfied that, although there was some confusion as to just what the details of the transaction were and just what compartment was involved, there was evidence from which the trial court could say that, at least, a *prima facie* case was established. There was evidence from which the jury could determine that a contractual relationship existed with consideration and profit to the appellant, and that the compartment leased was the one broken open by appellant's agent.

The respondent showed, by the terms of the contract, that he stored certain personal property in a storage place provided by appellant; that when he returned for his property the storage compartment had been broken open by the appellant's agent and that the respondent's property had been removed and lost to the respondent. Respondent presented evidence of the value of the property so lost. Respondent made a *prima facie* case, and the burden thereupon shifted to appellant to explain the loss or otherwise establish a valid and sufficient defense. *McDonald v. Perkins & Co.*, 133 Wash. 622, 234 Pac. 456, 40 A. L. R. 859.

Appellant's agent and manager admitted the breaking open of the storage compartment, but denies any knowledge as to the disposition made of respondent's fishing and boat equipment stored therein, contending, as appears from appellant's requested instruction, that, unless there is evidence that appellant took the personal property itself or caused it to be taken, respondent must fail. This is not a correct application of law. This cause of action is not for conversion, but rather for negligence in carrying out the terms of a contract in which appellant is held to exercise the ordinary care of a bailee for hire. Certainly, any loss suffered by respondent as a result of

612

the failure of appellant to exercise such care constitutes a liability of defendant. The reasoning in *McDonald v. Perkins & Co., supra,* is applicable to the case at bar.

We find no reversible error, therefore the judgment should be, and it is, affirmed.

MITCHELL, TOLMAN, STEINERT, and GERAGHTY, JJ., concur.